# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR-186- |
| | § | SDJ-CAN |
| LISA MICHELLE GEORGE (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Lisa Michelle George's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on May 11, 2023, to determine whether Defendant violated her supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Tom Gibson.

Defendant was sentenced on February 22, 2021, before The Honorable Sean D. Jordan of the Eastern District of Texas after pleading guilty to the offense of Possession of Stolen Mail, a Class D felony. This offense carried a statutory maximum imprisonment term of five years. The guideline imprisonment range, based on a total offense level of 6 and a criminal history category of II, was 1 to 7 months. She was subsequently sentenced to Time served followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; credit restrictions; substance abuse testing and treatment; mental health treatment; and a $100 special assessment. On February 22, 2021, she completed her period of imprisonment and began service of the first supervision term. On November 29, 2021, the term of supervised release was revoked, and she was sentenced to 4 months imprisonment followed by an additional 32 month term of supervised release subject to the standard conditions of release,

plus special conditions to include financial disclosure; credit restrictions; substance abuse testing and treatment; mental health treatment; and reside at the residential reentry center for 12 days upon release from confinement. She began her new term of supervised release on January 18, 2022.

On April 13, 2023, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 57, Sealed]. The Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (2) You must answer truthfully the questions asked by your probation officer; (3) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; (4) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; (5) [no allegation 5 is contained in the Petition]; (6) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that

program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (7) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing [Dkt. 57 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) For the months of February, March, and April 2023, Defendant failed to submit a monthly supervision report to the United States Probation Office by the 5th day of the month, as previously instructed; (2) For the months of November, December 2022, and January 2023, Defendant submitted a monthly supervision report to the United States Probation Office stating that she was residing at the Dallas International Street Church. However, she advised the U.S. Probation Office that she moved out in November; (3) On November 18, 2022, the U.S. Probation Office contacted Defendant via telephone to speak with her regarding her whereabouts. She advised at this time that she moved out from the Dallas International Church and was residing in an extended stay hotel nearby. Defendant was instructed to send this officer the information regarding her address. The U.S. Probation Office attempted on many occasions to contact Defendant to no avail. Defendant failed to provide this officer any information regarding her hotel. As of this writing, her whereabouts are unknown; (4) Defendant failed to maintain employment and provided any verifiable employment during her term of supervision, as previously instructed. Defendant was referred to employment service agencies for assistance in finding employment; however, she failed to utilize the agencies that were provided to her; (5) [no allegation 5 is contained in the Petition]; and (6) (7) On May 10,

2022, a substance abuse treatment/mental health treatment assessment was completed, and it was recommended that Defendant participate in a dual diagnoses' treatment program through Fletcher Counseling. On December 1, 2022, Defendant was unsuccessfully discharged from the dual substance abuse and mental health treatment program due to failing to attend her treatment sessions [Dkt. 57 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations. Having considered the Petition and the plea of true to each of the allegations in the Petition, specifically the allegations numbered 1, 2, 3, 4, 6, and 7, the Court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this Court [Dkts. 67; 68].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eight (8) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 26th day of May, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE